IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CR169 |
| | ) | |
| V. | ) | |
| | ) | |
| THOMAS J. HERINK, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

  This matter is before the court on the defendant's Motion for Leave to File Motion for Bill of Particulars Out of Time (filing 77) and Motion for Bill of Particulars (filing 77, Ex. A). The government filed a Response (filing 79) in opposition to the motion. The defendant's Motion for Leave to File Motion for Bill of Particulars Out of Time will be granted, however, for the reasons set forth below, the defendant's Motion for Bill of Particulars will be denied.

**BACKGROUND**

  Defendant, Thomas Herink ("Herink"), was President and Chief Executive Officer of Golf Services Group, Inc. ("GSGI"). Established in 1996, GSGI was a construction company that originally specialized in building and renovating golf courses. GSGI later diversified into the building of municipal infrastructure projects including road construction, and the building of water, sewer, and storm drainage systems. In order to finance large construction projects, GSGI obtained numerous loans that were secured, in part, by bid, performance, or payment bonds issued by insurance companies.

  In May of 2010, a federal grand jury returned a fourteen count indictment charging Herink with crimes related to the preparation and submission of the financial statements provided to financing and insurance companies as part of loan and bond applications made by GSGI. Specifically, the Indictment (filing 1) charged Herink in Counts 1 through 11 with

Wire Fraud, in violation of 18 U.S.C. § 1343; in Count 12 with Bank Fraud, in violation of 18 U.S.C. § 1344; and in Counts 13 and 14 with False Statement to a Bank, in violation of 18 U.S.C. § 1014. As to Counts 1 through 11, the Indictment provides a fifty-five paragraph summary detailing (A) the alleged fraud scheme and artifice to defraud; (B) the purpose and overview of the alleged scheme; and (C) the victims of the alleged scheme. (*See* filing 1 at ¶¶ 1-55.) As to Count 12, the Indictment provides a twenty-one paragraph summary detailing the charged offense. (*See id.* at ¶¶ 56-76.) As to Counts 13, the Indictment provides a one paragraph summary detailing the charged offense. (*See id.* at ¶ 77.) As to Counts 14, the Indictment also provides a one paragraph summary detailing the charged offense. *(See id.* at ¶ 78.) On January 14, 2011, however, the government filed a Notice of Election of Counts and Consolidation (filing 48) announcing its intention to dismiss Counts 13 and 14 of the Indictment (filing 1) prior to trial as these charges are multiplicitous with Count 12.

## ANALYSIS

In his Motion for Bill of Particulars (filing 77, Ex. A), Herink request the government be required "[t]o describe how, and in what fashion, and by whose testimony, the government intends to prove the allegation set forth in the Indictment . . ." that Herink falsified various financial statements on behalf of GSGI. (*See id.* at ¶¶ 1-15.) While there is no doubt that such information would be helpful to Herink, the Court concludes that the allegations set forth in the Indictment (filing 1) are sufficient to avoid the necessity for a bill of particulars in this matter.

The Federal Rules of Criminal Procedure provide that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and, for each count, "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Carter,* 270 F.3d 731, 736 (8th Cir. 2001). "An indictment will ordinarily be held sufficient unless

2

it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *Id.*

"If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir.2009) (*citing* Fed. R. Crim. P. 7(f)). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *Id.* (internal quotations omitted). "[A] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *Id.*

Here, the Indictment (filing 1) sets out in great detail the government's theory of the case. As to Counts 1 through 11, the first thirteen pages of the Indictment contain fifty-five paragraphs detailing the alleged scheme and its purpose and its victims. In addition, the Indictment sets forth the specific type of financial statement relevant to each allegation and the relevant dates for each allegation. (*See e.g. id.* at ¶¶ 32-34 (stating that on or about April 22, 2004, Herink provided a GSGI balance sheet provided to United Fire and Casualty Company that "was false and fraudulent in that it significantly and materially understated the amount of payroll tax liability as of March 31, 2003, and June 30, 2003 . . . .").) As to Count 12, the Indictment sets forth a detailed twenty-one paragraph account of the alleged actions giving rise to the charged offense. (*Id.* at ¶¶ 56-63.) Finally, as to Counts 13 and 14, the Court need not consider the details provided in the Indictment because the government has already announced its intention to dismiss Counts 13 and 14 prior to trial. (*See* filing 48 - Notice of Election of Charges.) As such, there is no need for Herink to prepare a defense as to these charges.

## CONCLUSION

The Court concludes that the Indictment (filing 1) fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to enable him "to understand the nature of the charges, prepare a defense, and avoid unfair surprise [at trial]."

3

*United States v. Huggans*, Nos. 09-3441/10-3384, 2011 WL 3611604, at *5 (8th Cir. Aug. 18, 2011).  Because nothing more is required, the defendant has failed to demonstrate that a bill of particulars is required in this case.

Accordingly,

**IT IS ORDERED**:

1. Defendant's Motion for Leave to File Motion for Bill of Particulars Out of Time (filing 77) is granted;

2. Defendant's Motion for Bill of Particulars (filing 77, Ex. A) is denied without hearing.

Pursuant to NECrimR 59.2(a), a party may appeal this order by filing a "Statement of Objections to Magistrate Judge's Order" no later than Thursday, September 8, 2011.

**DATED August 29, 2011.**

                                **BY THE COURT:**

                                **S/ F.A. Gossett**
                                **United States Magistrate Judge**